FILED

2006 Aug-04  AM 11:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **RIGHT WAY RESTAURANTS, INC.,** An Alabama Corporation, ] ] ] **Plaintiff,** ] ] **vs.** ] | **CIVIL ACTION NO: 5:02-CV-1331-VEH** |

**RIGHT WAY RESTAURANTS, INC.,**
**An Alabama Corporation,**                    ]
                                               ]
                                               ]
      **Plaintiff,**                     ]
                                               ]
**vs.**                                        ]     **CIVIL ACTION NO:**
                                               ]     **5:02-CV-1331-VEH**
                                               ]
**OLDFIELD EASTERN CORPORATION,**              ]
**A Georgia Corporation, and DONALD**          ]
**R. HARKLEROAD,**                             ]
                                               ]
      **Defendants,**                    ]
                                               ]
**OLDFIELD EASTERN CORPORATION,**              ]
**A Georgia Corporation, DONALD**              ]
**R. HARKLEROAD, STEAK-OUT**                   ]
**FRANCHISING, INC., and STEAK-OUT,**          ]
**INC.,**                                      ]
                                               ]
      **Counterclaim Plaintiffs,**       ]
                                               ]
**RIGHT WAY RESTAURANTS, INC.,**               ]
**An Alabama Corporation, and DAVID**          ]
**MARTIN,**                                    ]
                                               ]
      **Counterclaim Defendants.**       ]

## Memorandum Opinion

Pending before the Court is the Motion (doc. 84) filed by Counterclaim

Defendants Rightway Restaurants Inc., (hereinafter "Rightway") and David Martin

(hereinafter "Martin") to Strike specific counterclaims filed by Oldfield Eastern

Corporation, a Georgia corporation (hereinafter "Oldfield"); Donald R. Harkleroad (hereinafter "Harkleroad"); Steak-out Franchising, Inc.; and Steak-out, Inc. (hereinafter "SOFI").  Rightway and Martin seek to strike counterclaims which they assert have been raised for the first time in the brief in support of the Motion for Summary Judgment filed by Oldfield.

Oldfield responds by asserting that (1) the Motion to Strike is untimely under Federal Rule of Civil Procedure 12(f); (2) each of the claims that Rightway and Martin seek to strike were adequately pled in the First Amended Counterclaim; and (3) each claim has been fully developed through extensive discovery.  The Court agrees and the Motion to Strike is hereby **DENIED** in full.

## Analysis

### I.    Securities Fraud

In their Motion to Strike, Rightway and Martin contend that the Counterclaim Plaintiffs have attempted to circumvent this Court's Scheduling Order by adding new claims to the present lawsuit by raising the claims  for the first time in their motion for summary judgment.  Accordingly, they contend that such claims should be struck from the counterclaim.[1]   Oldfield and Harkleroad counter this assertion by

---

[1] The Scheduling Order provided that no further causes of action, defenses, or parties could be joined subsequent to February 24, 2003.

maintaining that they have set forth sufficient facts for each of the claims at issue; to wit, they have asserted claims under the Securities Act of 1933, the Securities Exchange Act of 1934, and the Alabama Securities Act by virtue of setting forth facts under the claim "Securities Fraud" in the Counterclaim.[2]

A party need only assert "a short and plain statement of the claim showing that the pleader is entitled to relief" to satisfy the liberal notice pleading standard applied in the federal courts. Fed. R. Civ. P. 8(a)(2). Such a statement is merely required to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz, v. Sorema*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Such a complaint is sufficient if the plaintiff is entitled to relief *under any legal theory*. *Thompson v. Allstate Ins. Co.*, 476 F.2d 746, 749 (5th Cir. 1973) (emphasis added); *see also*, *Sams United Food & Commercial Workers Int'l Union*, 866 F.2d 1380, 1384-85 (11th Cir. 1989)(stating that "[a] complaint need not specify in detail the precise theory giving rise to recovery.") Furthermore, it is well established in the Eleventh Circuit that "[t]he form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim." *Evans v.*

---

[2] Rightway and Martin contend that because the Securities Act of 1933 was specifically referenced in the counterclaim, the counterclaim plaintiffs should be limited to pursuing claims strictly under that Act.

*McClain, Inc.*, 131 F.3d 957, 964 n. 1 (11th Cir. 1997)(quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 604 (5th Cir. 1981)).  A pleading is sufficient if it "alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim." *Evans*, 131 F.3d at 964 n. 1.  Accordingly, this Court will not dismiss or strike claims based solely on the ground that they were not specifically labeled.

In determining the sufficiency of the pleadings as they pertain to the securities fraud counterclaims alleged under the Securities Act of 1933, the Securities Exchange Act of 1934, and the Alabama Securities Act, the Court found the following allegations particularly relevant:

- In or about early January 1995, Counterclaim Defendant Martin traveled to Atlanta, Georgia, and personally approached Harkleroad to induce him to *purchase certain stock in Steak-Out Franchising, Inc.*, an Alabama corporation… (¶ 19)

- On January 11, 1995, Steak-Out Franchising, Inc., Right Way, OEC and David Martin personally, entered into a written agreement (the "January 11, 1995 Agreement") *for the sale of certain Right Way stock* in Steak-Out Franchising, Inc. for $900,000.00 and for certain other conveyances and terms.  (¶20).

- Counterclaim Defendants failed to make relevant material disclosures in connection with the sale as required by applicable law; they failed to make certain material information that was in their possession available to Counterclaim Plaintiffs after request therefore; they made various

4

misleading statements to Counterclaim Plaintiffs; and they omitted to supply material facts necessary to make the statements they did make not misleading.  (¶22).

· Counterclaim Defendants invited Counterclaim Plaintiffs to rely upon information they provided to Counterclaim Plaintiffs and Counterclaim Plaintiffs did so rely to their detriment.  Counterclaim Defendants' misstatements and omissions were intentional, and were made with the intent to hide the truth and to defraud.  (¶23).

· Counterclaim Defendants' statements regarding Steak-Out Franchising, Inc. were knowingly false.  Counterclaim Defendants' statements were made with the intention of causing Counterclaim Plaintiffs to purchase shares of Steak-Out Franchising, Inc. from Counterclaim Defendants. (¶74).

· Counterclaim Plaintiffs have been damaged in an amount to be determined at trial by Counterclaim Defendants' securities fraud. (¶77).

This Court concludes that the foregoing allegations fully set forth the necessary elements of causes of action under the Securities Act of 1933, the Securities and Exchange Act of 1934, Rule 10b-5[3] *and* the Alabama Securities Act.[4]  It is evident by

---

[3] To allege securities fraud under Rule 10b-5, a plaintiff must show:  (1) a misstatement or omission, (2) of material fact, (3) made with scienter, (4) on which plaintiff relied, (5) that proximately caused his injury.  *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281 (11th Cir. 1999); *see also* 17 C.F.R. § 240.10b-5 (2003); 15 U.S.C. § 78a-78mm (2000).

[4] The Alabama Securities Act provides:

It is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or indirectly, to:

(1)  Employ any device, scheme or artifice to defraud;

the broad language used to label Count Two that Oldfield intended to set forth facts to satisfy multiple claims under the umbrella "Securities Fraud".

Next, Martin and Rightway contend that they have been prejudiced by the failure of Oldfield to previously assert claims under the Securities Exchange Act of 1934 and the Alabama Securities Act.  They argue that they have been unfairly denied the opportunity to prepare for those claims and conduct relevant discovery.  This Court disagrees.  First, the Court has previously determined that the securities claims were in fact adequately alleged in the Counterclaim.  Next, the Court finds it suspect that, although Rightway and Martin claim to have been unaware of the pending Securities and Exchange Act of 1934 claim, they seem to have had sufficient knowledge and insight to assert  specific defenses pertaining to elements of causes of action under the Securities and Exchange Act of 1934, defenses which do not exist under the Securities Act of 1933.[5]  (Answer to First Amended Counterclaim, Fifth

---

(2)  Make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or

(3)  Engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

Ala. Code §8-6-17 (2002).

[5] Rightway and Martin argue that the following language set forth in paragraph 76 of Count Two in the Counterclaim compels the finding that Counterclaim Plaintiff seeks relief strictly under the Securities Act of 1933: "[t]he shares of Steak-Out Franchising, Inc. are securities within the meaning of the Securities Act of 1933, as amended." The mere fact that Oldfield cited to the Act of 1933 in defining the term "security" does not necessitate the finding

Defense at ¶B and ¶D.)  For example, reliance and scienter, elements that  Rightway and Martin argue that Counterclaim Plaintiffs failed to plead with sufficient specificity, are elements of a cause of action under the *Securities Act of 1934*, but <u>not</u> under the Securities Act of 1933, to which Rightway and Martin now argue Count Two should be limited.   *See Junker v. Crory*, 650 F.2d 1349, 1359 (5th Cir. 1981)([T]he plaintiff must show that he had no knowledge of the untruth or omission.  However, the plaintiff need not establish that defendant acted with scienter or that he relied in any way on the defendant's misrepresentations or omissions.).  The Court can reasonably infer from Rightway and Martin's assertion of such affirmative defenses that they were on reasonable  notice that Counterclaim Plaintiffs had stated a claim under the Securities Act of 1934.  Therefore, it is evident to the Court that, at the time the Counterclaim  Defendants filed their answer, they recognized the full scope of Counterclaim Plaintiffs' claims under the label "securities fraud".

The Court firmly believes that no prejudice would befall the Counterclaim Defendants if the Court were to permit the causes of action under the Securities and Exchange Act of 1934 and the Alabama Securities Act to be pursued.  Based on the foregoing, the Court finds that Count Two adequately alleges facts upon which relief

---

that Count  Two, entitled "Securities Fraud," must, therefore, be based solely on that statute. The term "security" as defined by the Securities Act of 1933  applies to fraud cases under the Securities Act of 1934 as well.  *See Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685-86 n.1 (1985)

can be granted under the Securities Act of 1933, the Securities and Exchange Act of 1934, and the Alabama Securities Act. Accordingly, the Motion to Strike claims under the Securities and Exchange Act of 1934 and the Alabama Securities Act filed by Rightway and Martin is due to be **DENIED**.

## II.   Breach of Contract

Right Way and Martin contend that in the Motion for Summary judgment filed by Oldfield and Harkleroad, a new claim for breach of contract based upon an alleged failure by Right Way to follow operating standards imposed by SOFI was introduced to the suit for the first time.

The aforementioned Eleventh Circuit law pertaining to sufficiency of pleadings applies equally to the allegedly "new" breach of contact counterclaim. *Thompson*, 476 F.2d at 749. The Court is cognizant that there are two clearly articulated claims for breach of contract alleged in the First Amended Counterclaim. First, Count Seven of the Counterclaim asserts a breach of contract claim based on the Counterclaim Defendants' alleged breach of a "post termination covenant." Second, Count Nine of the Counterclaim asserts a breach of contract claim based on Counterclaim Defendants' alleged breach of the January 11, 1995 Acquisition Agreement. Based upon the Counterclaim as a whole, the Court finds that the Counterclaim Plaintiffs have in fact pled sufficient factual allegations pertaining to Right Way's failure to

comply with the operation standards imposed by SOFI.  The Court finds that the factual allegations set forth in Counts Seven and Nine, as well as the factual allegations pertaining to trademark infringement, specifically, the factual allegations of Counterclaim Defendants' misuse of the Steak-Out Trademarks, dilution, and unfair competition, sufficiently set forth a claim for breach of contract in connection with the operation standards imposed by SOFI.  Accordingly, the Court finds that the Counterclaim Plaintiffs have satisfied the federal pleadings requirement and the Motion to Strike the "new" breach of contract claim is due to be **DENIED**.

## Conclusion

For the foregoing reasons, the Motion to Strike (doc. 84) filed by Right Way and Martin is hereby **DENIED** in full.

**DONE** and **ORDERED** this 4th day of August, 2006.


**VIRGINIA EMERSON HOPKINS**
United States District Judge

9